UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES I. WYNN, SR.,

                          Appellant,

                                                    <u>DECISION AND ORDER</u>

                                                      15-CV-6444L

          v.

GEORGE M. REIBER, ESQ.,
Chapter 13 Trustee,

                          Appellee.
_____

       Appellant, James I. Wynn, Sr. ("Wynn"), filed a petition in the Bankruptcy Court under Chapter 13 of the Bankruptcy Code. Eventually, the proposed Plan under Chapter 13 was confirmed by the Bankruptcy Court on March 17, 2014. Shortly thereafter, one of the creditors claimed to have incurred additional post-petition expenses and the Trustee then filed a motion to modify the previously confirmed Chapter 13 Plan. Wynn filed a motion opposing the modification of the Plan and also cross-moved to modify the Plan by reducing his obligations.

       The parties appeared before the Bankruptcy Court and eventually the Trustee withdrew his motion to modify the Plan. What remained was Wynn's own motion to modify and reduce the Plan.

       By Order entered July 9, 2015, United States Bankruptcy Judge Paul R. Warren denied Wynn's cross-motion to modify. It is that decision of the Bankruptcy Court that is now on

appeal to this Court.  Wynn has filed his brief (Dkt. #11) and the Appellee, Trustee George M. Reiber, has responded (Dkt. #12).

After considering the matter, I hereby affirm the decision of the Bankruptcy Court.  The Bankruptcy Court, on the record, dismissed the motion on both procedural and substantive grounds.  Before reaching those issues though, I note that Wynn's appeal is without a jurisdictional basis here.  It does not appear that Judge Warren's Order is a final order which may be appealed.

Wynn's appeal, among other things, challenges the propriety of the Bankruptcy Court's denial of his motion to modify his already-confirmed Chapter 13 plan.  As an initial matter, as the Supreme Court recently clarified in *Bullard v. Blue Hills Bank*, 135 S. Ct 1686, 1692-93 (2015), the only final, appealable orders relative to the consideration of Chapter 13 plans are those which fundamentally "alter[] the status quo and fix[] the rights and obligations of the parties" – specifically, orders which confirm a plan, and orders which deny confirmation and dismiss the case.  *Id*. (observing that "treating only confirmation or dismissal as final will not unfairly burden a debtor," and that a debtor's knowledge that he has no guaranteed appeal from a denial of confirmation in cases where the matter is *not* dismissed, will encourage him to work with creditors to develop a confirmable plan).

Applying these principles, denial of a motion to modify an existing, confirmed plan is not a final, appealable order.  *See In re Kuchenbecker*, 2015 WL 5675644 at *1 (Bankr. Ct. E.D. Wis. 2015).

2

For the above reason, Judge Warren's Decision should be affirmed. In addition, however, the Judge discussed on the record both the procedural deficiencies with Wynn's motion and the resulting failure to demonstrate a substantive basis to modify the already-confirmed Plan.

## CONCLUSION

The Order of United States Bankruptcy Judge Paul R. Warren denying the Appellant's motion to modify the Plan is in all respects affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 10, 2015.